IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MCCOY, | No. C-12-3874 TEH (PR) |
|     Plaintiff, | |
|     v. | ORDER OF DISMISSAL |
| MATTHEW ANDERSON, | |
|     Defendant. | |
| _____/ | |
| DANNY MCCOY, | No. C-12-3875 TEH (PR) |
|     Plaintiff, | |
|     v. | ORDER OF DISMISSAL |
| IAN WONG, | |
|     Defendant. | |
| _____/ | |

    Plaintiff Danny McCoy, an inmate at Lompoc Federal Prison located in Lompoc, California, has filed two pro se complaints under 42 U.S.C. § 1983. In case number C 12-3875 TEH, Plaintiff alleges that, on February 3, 2009, El Cerrito Police Officer Ian Wong unlawfully detained and searched him, unlawfully seized items and falsified his police report regarding the incident. In case number C 12-3874 TEH, Plaintiff alleges that, on February 28, 2009, Richmond Police Officer Matthew Anderson unlawfully searched and arrested him, unlawfully seized items and falsified his police report regarding the search and seizure. Plaintiff alleges that

both Defendants violated his constitutional rights and seeks damages. Doc. #1.

The Court takes judicial notice that on November 19, 2010, Plaintiff was convicted by a jury of possession of cocaine base with intent to distribute in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) and possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). See United States v. McCoy, CR 09-0337-CW (Crim. Case), Docket #246. Plaintiff's eventual trial and conviction on charges stemming from his encounters with Defendants requires that the action be dismissed because the conviction renders Plaintiff's § 1983 claims not cognizable under Heck v. Humphrey, 512 U.S. 477 (1994).

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the

2

color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

II

To recover damages for an allegedly unconstitutional conviction or prison sentence, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff in a 42 U.S.C. § 1983 action must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck</u>, 512 U.S. at 486-87. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. <u>Id.</u> at 487.

In Plaintiff's criminal case, he was charged, in a superceding indictment, with four counts: (1) possession with intent to distribute a controlled substance, namely, cocaine base, on February 3, 2009; (2) possession with intent to distribute a controlled substance, namely, methodone pills, on February 28, 2009; (3) possession of a firearm in relation to a drug trafficking crime on February 28, 2009; and (4) possession of a firearm and ammunition by a felon on February 28, 2009. Crim. Case, Docket #38. Plaintiff moved to suppress on the ground that the searches and seizures by Officers Wong and Anderson were unconstitutional and, after an evidentiary hearing, the Court denied the motion. Crim. Case Docket #63. Plaintiff was tried by a jury which found him guilty on counts one and four. Crim. Case Docket #246. Plaintiff appealed to the Ninth Circuit Court of Appeals which affirmed the conviction. Crim.

3

**Case Docket #308.**[1]

The cocaine base upon which count one is predicated was seized incident to the search initiated by Defendant Wong on February 3, 2009, and the firearm upon which count four is predicated was seized incident to the search initiated by Defendant Anderson on February 28, 2009. A determination in Plaintiff's civil cases that the searches and seizures were unlawful would impermissibly imply that his conviction is invalid. See Whitaker v. Garcetti, 486 F.3d 572, 583-84 (9th Cir. 2007) (Heck bars suit for damages attributable to allegedly unreasonable search that produced evidence introduced in criminal trial resulting in plaintiff's conviction). Therefore, Plaintiff's claims against Defendants Wong and Anderson are barred under the rational of Heck.

### III

For the foregoing reasons, Plaintiff's complaints are dismissed under the rationale of Heck for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2). The Clerk shall close the files.

IT IS SO ORDERED.

DATED   *08/29/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.12\McCoy-12-3874-5 Dis Heck.wpd

---

[1] The Ninth Circuit vacated Petitioner's sentence and remanded to the district court for re-sentencing on grounds that are not relevant to this Order.

**4**